# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GALLON, | No. 4:20-CV-01964 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN SPAULDING, | |
| Respondent. | |

## MEMORANDUM OPINION

### JANUARY 6, 2021

Petitioner Michael Gallon ("Petitioner" or "Gallon"), a federal prisoner formerly incarcerated at the United States Penitentiary at Lewisburg, filed the instant petition pursuant to 28 U.S.C. § 2241 on October 26, 2020.[1]  He supplemented the petition on December 7, 2020.[2]  Gallon challenges his May 29, 2014 sentence imposed in criminal case 8:13-cr-626-T-23 AEP in the United States District Court for the Middle District of Florida – Tampa Division.[3]

For the reasons that follow, the petition will be summarily dismissed.

---

[1]  Doc. 1.
[2]  Doc. 7.
[3]  Doc. 1, p. 1.

I.      **PRELIMINARY REVIEW STANDARD**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[4] The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ."[5]

II.     **BACKGROUND**

On February 5, 2014, Gallon entered knowledgeable and voluntary pleas of guilty to sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2), and 2, and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).[6]  On May 29, 2014, the court sentenced him to 'a term of four hundred five (405) months, consisting of concurrent terms of four hundred five (405) months as to count one and two hundred forty (240) months as

---

[4]     28 U.S.C. foll. § 2254 (2004).
[5]     *Gorko v. Holt*, Civ. No. 4:05-CV-956, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005) (McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ).
[6]     *See* electronic docket, M.D.FL., Tampa Division, Case 8:13-cr-00626-SDM-AEP, Docs. 28-30, 35, 42.

to count two."[7]

On January 20, 2015, he filed a motion to vacate sentence under 28 U.S.C. § 2255, which the district court denied on December 7, 2015.[8]  Although he appealed to the United States Court of Appeals for the Eleventh Circuit, the Eleventh Circuit dismissed the appeal for want of prosecution on June 24, 2016.[9]  Approximately thirty months later, he moved to reopen the case.[10]  The sentencing court denied the motion.[11]  Gallon appealed.  On July 2, 2019, the Eleventh Circuit again dismissed the appeal for want of prosecution.[12]

Prior to filing the instant petition, Gallon unsuccessfully moved to reduce his sentence, petitioned for release to home confinement, and sought compassionate release.[13]

In the instant petition, Gallon seeks relief on the grounds that he is actually and factually innocent, that his sentence is unconstitutional or illegal, that he involuntarily entered a guilty plea, and that he suffered procedural due process violations associated with his waiver of indictment and the lack of grand jury proceedings.[14]

---

[7]   *Id.* at Docs. 41, 42.
[8]   *Id.* at Docs. 43, 44.
[9]   *See* electronic docket, M.D.FL., Tampa Division, Case 8:15-cv-00110-SDM-AEP, Docs. 6, 8.
[10]  *Id.* at Doc. 9.
[11]  *Id.* at Doc. 10.
[12]  *Id.* at Docs. 13, 18.
[13]  *See* electronic docket, M.D.FL., Tampa Division, Case 8:13-cr-00626-SDM-AEP, Docs. 45, 48, 61, 62, 66, 67.
[14]  *Id.* at Docs. 1, 7.

## III.   DISCUSSION

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255.[15]  A federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case."[16]  A challenge can only be brought under § 2241 if "it ... appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."[17]  This language in § 2255, known as the safety-valve clause, must be strictly construed.[18]  Significantly, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[19]  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[20]

---

[15]  *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 F. App'x. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").

[16]  *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").

[17]  28 U.S.C. § 2255(e).

[18]  *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 F. App'x. at 47 (stating the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

[19]  *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).

[20]  *Id.* at 539.

In sum,

> Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."[21]

Gallon has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. §2255.  Thus, he can only bring a challenge under § 2241 if it appears that the 2255 remedy is inadequate or ineffective to test the legality of his detention.  Gallon has failed to meet this burden.  He has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review.  And his claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid.  Because Gallon fails to meet his burden of demonstrating that § 2255 is inadequate or ineffective the challenge

---

[21]   *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

the legality of his detention, the § 2241 petition will be dismissed for lack of jurisdiction.

## IV. CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction. The dismissal is without prejudice to Gallon's right to seek authorization from the appropriate court of appeals to file a second or successive § 2255 motion.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge